## RIPY et al. v. CLOVERLEAF LIFE & CASUALTY CO.*

## CLOVERLEAF LIFE & CASUALTY CO. v. RIPY et al.

(Circuit Court of Appeals, Fifth Circuit. November 23, 1925.)

No. 4666.

**1. Insurance** &#x21DC;392(2)—Letters requesting payment of premiums held not waiver of provision requiring payment in advance.

Letters, calling insured's attention to fact that premiums on accident insurance policy were unpaid, and urging her to make payment and keep policy in force, *held* not waiver of provision requiring payment in advance.

**2. Evidence** &#x21DC;89—Presumption of receipt of premium payment in ordinary course of mail held overcome by positive testimony.

Presumption that letter containing overdue premiums on accident insurance policy and requesting reinstatement was received by insurer in ordinary course of mail and policy reinstated before death of insured *held* overcome by positive testimony that it was not so received.

**3. Evidence** &#x21DC;89—Presumption that letter was received by addressee in ordinary course of mail is rebuttable.

Presumption that letter is received by addressee in ordinary course of mail is rebuttable, and may be overcome by evidence that it was not so received.

In Error and Cross-Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by O. P. Ripy and another against the Cloverleaf Life & Casualty Company. Judgment for plaintiffs, granting part only of recovery sought, and plaintiffs bring error, and defendant assigns cross-error. Judgment reversed on cross-assignments of error, and cause remanded for further proceedings.

Alvin M. Owsley and George T. Burgess, both of Dallas, Tex. (Burgess, Owsley, Storey & Stewart, of Dallas, Tex., on the brief), for plaintiffs in error and defendants on the cross-writ.

Walter F. Seay, of Dallas, Tex. (Seay, Seay, Malone & Lipscomb, of Dallas, Tex., on the brief), for defendant in error and plaintiff on cross-writ.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an action on an insurance policy, which provides for the payment of $5,000 in case of death

*Rehearing denied January 4, 1926.

of the insured by accidental means. On August 3, 1924, Alica Hazel Nixon, the insured, lost her life in an automobile accident. The action was defended on the ground that at the time of the accident the policy was not in force, but had lapsed for failure to pay the quarterly premium on May 10, 1924. The policy was issued on August 10, 1923, and by its terms was effective for three months, and for such further periods as might be indicated by renewal receipts at the rate of $9 per quarter, but provides that it should be in force only so long as premiums were paid on or before the last day of the renewal date in advance, and that, in case of default in the payment of any premium, the subsequent acceptance thereof should reinstate the policy, but only in respect of loss thereafter sustained.

The insured failed to pay the premium due on May 10, 1924. By letters written in June, about the 1st of July, and on July 23, the company called her attention to this fact and urged her to pay the premium and keep the policy in force. The father of the insured wrote a letter to the company, in which he inclosed his check for the quarterly premium due in May, and an application for reinstatement containing the signature of the insured, witnessed by him, all bearing date July 27. He testified that on that date he mailed the letter from Mexia, Tex., addressed to the home office of the company at Jacksonville, Ill. At that time the insured was in Austin, where she remained until her death. In the ordinary course of the mails the letter should have reached its destination within two days. Defendant's evidence was to the effect that this letter, check, and application for reinstatement of policy were not received at the home office until August 9, or six days after the death of the insured. Its books and records corroborate this evidence, and also show that on the same day a receipt was issued for the premium, and the policy reinstated.

At the close of all the evidence both parties moved for a directed verdict, and the District Judge, being of opinion that defendant had waived payment of the premium when it was due, instructed a verdict for plaintiff, the beneficiary named in the policy, but only for $1,000, on the theory that the policy provides for the payment of monthly installments of $100. Plaintiff assigns error on the refusal of the court to hold that the principal of $5,000 was payable in a lump sum in case of death, and defendant assigns error on the refusal of the court to direct a verdict outright in its favor.

[1] We are of opinion that defendant's letters to the insured cannot be construed as a waiver of the provision of the policy requiring premiums to be paid quarterly in advance. There is nothing in any of those letters to indicate that defendant treated the policy as in force during the continuance after May 10 of the period of default in the payment of premium. Payment of the premium in default did not by the terms of the policy have the effect of reinstating the insurance until the acceptance of such payment by the company, and then only as to future liability.

[2, 3] Defendant had the right to refuse to reinstate the policy, even though the application therefor was accompanied by tender of premium in default and was received during the lifetime of the insured. The policy was not reinstated upon the deposit of the check in the mail, but only upon the acceptance of the premium by the insurance company. The presumption that the letter was received by the company within two days after it is claimed it was mailed was a rebuttable one, and was overcome by positive testimony that it was not received until after the death of the insured. There is no evidence which tends in the slightest degree to impeach defendant's good faith, or to support an inference that it accepted the premium and reinstated the policy before the death of the insured; for it is not to be supposed that defendant would have undertaken to reinstate the policy with knowledge that the insured had theretofore lost her life by accidental means. The evidence shows without conflict that the policy was not reinstated during the lifetime of the insured, and therefore was not in force at the time of her death. The conclusion is that the District Court should have granted defendant's motion for a directed verdict. Consequently plaintiff's assignments of error become immaterial.

The judgment is reversed on the cross-assignments of error, and the cause remanded for further proceedings not inconsistent with this opinion.